## Taylor v. Commonwealth.

(Decided March 15, 1921.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Criminal Law—Evidence—Instructions.—In a prosecution for manslaughter where the evidence warranted the jury in finding the defendant guilty and where there were no errors in the instructions prejudicial to defendant, the judgment must be affirmed.

BRENT C. OVERSTREET for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Edward Taylor (colored), shot and killed John Taylor, his stepfather, in the city of Louisville in September, 1920, for which he was indicted for manslaughter, tried and found guilty and his punishment fixat 2 years in the state penitentiary.

He appeals, and as grounds for reversal of the judgment assigns the following.

(1). The verdict is against the law and the evidence.

(2). The court erred in instructing the jury.

(3). The court erred in refusing to permit the defendant to prove that deceased treated the mother of appellant in a cruel manner prior to the shooting.

(1). The evidence is not against the law or the evidence as we read the record. While the Commonwealth was unable to produce an eye-witness to the killing, the appellant admits the killing and testifies to such an improbable story of how it came about that the jury rejected it and relied upon the circumstances proven by the Commonwealth as true. When the arresting officers appeared on the scene a few moments after hearing three shots at the home of the appellant they found him coming out of the gate with a pistol in his hand which had just been fired three times, and he admitted the killing of his stepfather. His mother, who was also present, declared she killed him and she had a pistol in her hand but it had not been recently discharged. The dead man was lying in the yard behind the house. There were three bullett holes through the screen door, and appellant admits he fired through that screen. He says, however, that deceased was fighting his mother at the time; that he had knocked her down in the back yard and was on her choking her at the time appellant fired the fatal shot and that he did so to save his mother whom he believed to be in danger of death at the hands of deceased. According to the evidence of the appellant the mother and stepfather had been quarreling and fighting for some time, but he did not even ask deceased to desist or try to stop the trouble until he fired and killed the stepfather. The deceased was unarmed, while both appellant and his mother had pistols.

Undoubtedly the jury did not believe the evidence of the appellant, when he swore he fired in defense of his mother from in the house at the deceased while the latter was on the ground outside choking the mother, for one who desired to protect his mother as appellant claims he did would not have fired three bullets at deceased at such a great distance with the likelihood in such a rough and tumble fight of killing his mother. Then the mother bore no marks to show she had been roughly treated.

(2) No error in the instructions of the court prejudicial to appellant is pointed out in brief of counsel for appellant and we are unable to discover any. In fact the instructions are more favorable to appellant than he was entitled to have.

(3)  Brief of appellant contains no reference to the failure of the trial court to allow him to prove that the deceased treated appellant's mother cruelly prior to the shooting.

He was allowed to prove all about the alleged blows, knocks and choking which deceased gave appellant's mother just before and at the time of the shooting and if the jury had relied on this evidence he would have been found not guilty. Evidence of bad treatment prior to that time would not have aided his case since his mother testified that deceased had never treated her so before or threatened to kill her. Appellant had only the right to defend his mother from the assaults then in progress. Moreover the officers who saw and talked with the mother immediately after the killing were unable to discover any wounds or bruises on her face or body from the blows which knocked her down so many times as claimed by her and appellant.

The whole evidence considered we think the jury fully warranted in finding appellant guilty. As he received the lowest penalty he can not complain.

Judgment affirmed.